# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUGH C. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-489-R |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

### I. Procedural Background

Plaintiff's application for benefits was denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-30). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R § 404.1520. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity after January 28, 2010, his alleged date of disability. (TR. 17). At step two, the ALJ found Plaintiff to have the following severe impairments: left hand injury, low back pain, ischemic heart disease and neuropathy. (TR. 17).

After considering and discussing the relevant Listings, the ALJ determined at step three that none of Plaintiff's impairments meets or medically equals the severity of any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 18).

At the first phase of step four, the ALJ determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He can stoop and climb ladders, ropes and scaffolds occasionally[,] and he can frequently climb ramps and stairs, balance, kneel, crouch and crawl. The claimant is limited in his ability to perform fingering because his ability to use his left hand effectively is diminished, but he can reach, handle and feel without limitation.

(TR. 18). At phase two of step four, the ALJ relied on the testimony of a vocational expert (VE) who identified Plaintiff's past relevant work as a heavy equipment operator,

medium level work as described in the Dictionary of Occupational Titles (DOT), but heavy work as Plaintiff actually performed it. (TR. 28; 57). Therefore, at the third phase of step four, the ALJ determined Plaintiff is unable to perform his past relevant work.

At step five of the sequential evaluation, the ALJ again relied on the VE's testimony and determined there are other jobs existing in the significant numbers in the national economy that Plaintiff could perform. The VE identified three such jobs: utility tractor driver, scraper operator and motor grader operator. (TR. 29). Thus, at step five of the sequential evaluation process the ALJ determined that Plaintiff was not disabled and therefore not entitled to benefits. (TR. 29).

### III. Standard of Review

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### IV. Analysis

#### A. Issues Raised on Appeal

Plaintiff has raised four issues for review: the ALJ erred at step five of the sequential evaluation process when he failed to investigate the exertional requirements of the jobs the VE identified and elicit testimony from the VE regarding reconciliation of conflicts between the VE's testimony and the DOT; the Commissioner failed to follow

the treating source rule with regard to Dr. Spence's opinion of Plaintiff's ability to work; the ALJ's finding regarding Plaintiff's RFC is not supported by substantial evidence and constitutes reversible error; and the ALJ failed to properly evaluate Plaintiff's credibility. Because the first assignment of error is dispositive, this court need not consider the remaining issues.

### B. The ALJ's Step Five Determination

The claimant has the initial burden of establishing a disability in the first four steps of the sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). At step five, the burden shifts to the Social Security Administration to demonstrate the claimant is able to perform "other work" based on his residual functional capacity, age, education, and past work experience. *Fischer–Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

Here, the ALJ relied on the testimony of a vocational expert (VE) in determining there are other jobs existing in significant numbers in the national economy that Plaintiff can perform. (TR. 29).

But "before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999); *see also* Social Security Ruling 00-4p, 2000 (WL 1898704) ("At the hearings level, as part of

4

the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency").

SSR 00-4p does not suggest that one type of vocational evidence automatically "trumps" another. Therefore, when there is a conflict between a VE's testimony and the information provided in the DOT, the ALJ must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on testimony from the VE rather than on DOT information. *Id.*

In this case, the ALJ elicited testimony from the VE regarding jobs available for "a hypothetical gentleman, 53, with an 11th grade education, limited now to light work as defined by Social Security regulations . . . further limited as to fingering;" who "can only occasionally stoop; can only occasionally use ladders, ropes or scaffolds." (TR. 59). The VE testified that such a person could not perform Plaintiff's past relevant work, but could perform "lighter equipment operation jobs" as follows:

> Your honor, there are some lighter equipment operation jobs. Examples would be utility tractor operator, which is DOT 850.683-046. That work is light; it's semi-skilled with an SVP of 4. It accounts for about 400 jobs in the State of Oklahoma; about 32,000 in the national economy. Another light equipment operation job is scraper operator. DOT 850.683-038. Light, skilled, with an SVP of 5. Accounts for over 300 jobs in the State of Oklahoma; over 31,000 in the national economy. The job of motor grader operator is another type of equipment that is lighter. And that's DOT 850.683-022. That work is light; it is skilled with an SVP of 5. It accounts for about 1,500 jobs in the State of Oklahoma; and over 127,000 in the national economy.

(TR. 59). When the ALJ asked the VE if her testimony conflicted with information in the DOT, the VE answered, "No, sir." (TR. 60).

But most of the VE's testimony describing the exertional demands of the jobs she identified as "light" specifically conflicts with the DOT. Of the three jobs identified by the VE as jobs Plaintiff could perform, only that of "utility tractor operator" is actually classified as "light" work in the DOT. *See* DOT 850.683-046. The jobs of scraper operator and motor grader operator are both classified as "medium" in the DOT. *See* DOT 850.686-038; 850.663-022. Moreover, the ALJ's statement that "[p]ursuant to SSR 00-4p," he had "determined the VE's testimony is consistent with the information contained in the Dictionary of Occupational Titles[,]" (TR.29), is not supported by the record or his decision, both of which are devoid of any evidence suggesting the ALJ even attempted to compare the VE's testimony with job descriptions in the DOT. The ALJ erred by failing to comply with the mandatory requirements of SSR 00-4p.

The Commissioner does not address the ALJ's failure to reconcile the differences between the VE's testimony and information in the DOT. Rather, the Commissioner contends the one light job identified by the VE satisfies the step five requirement that jobs exist in "significant numbers" in the local or national economies.

According to the VE, there are about 400 utility tractor operator jobs in Oklahoma and about 32,000 in the national economy. The Commissioner relies on two cases, *Raymond v. Astrue*, 621 F.3d 1269 (10th Cir. 2009) (affirming ALJ's decision even

assuming two of three jobs relied on by ALJ were erroneous), and *Rogers v. Astrue*, 312 F. Appx. 138 (10th Cir. 2009) (11,000 jobs in national economy was significant).

But when a court reviews a finding of numerical significance made by an ALJ, the court is not deciding a mixed question of fact and law for itself. Therefore, these cases do not constitute "judicial line-drawing," a practice deemed "inappropriate" by the Tenth Circuit Court of Appeals. *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004):

> This court has made it clear that judicial line-drawing in this context is inappropriate, that the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation, and, most importantly, that the evaluation "should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation."

*Id.* (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (quotation omitted)). In this case, as in *Allen*, "[s]uch a determination is precisely what is presently lacking." *Allen*, at 1144. Because the ALJ erroneously relied on the aggregated numbers of all three jobs identified by the VE, he never analyzed the numerical significance of the one correctly identified job as applied to the Plaintiff's factual situation.

On remand, the Commission will have the opportunity to obtain additional expert testimony, to compare that expert testimony with information in the DOT, and to determine whether any jobs identified by a VE are of numerical significance.

Because the ALJ's error at step five requires reversal and remand, the court need not consider Plaintiff's additional assignments of error.

7

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 14, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on July 31, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE