## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

HUGH C. FOX,                          )
                                      )
      **Plaintiff,**              )
                                      )
v.                                    )     **Case No. CIV-14-489-R**
                                      )
CAROLYN W. COLVIN, Acting             )
Commissioner of Social Security,      )
                                      )
      **Defendant.**              )

## ORDER

Plaintiff filed this action seeking review of the decision of the Commissioner denying his application for disability insurance benefits under the Social Security Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On July 31, 2015 Judge Erwin issued a Report and Recommendation wherein he recommended that the decision of the Commissioner be reversed and the case remanded. The matter is currently before the Court on Defendant's objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review. For the following reasons, the Court declines to adopt the Report and Recommendation.

## Evaluation Process

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.

§ 423(d)(1)(A) (West). An individual is "disabled" under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). "Work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

The Commissioner follows a five-step evaluation process to determine whether a claimant is disabled. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). In the first four steps of this process, the claimant bears the burden of establishing a prima facie case of his disability. *Id.* at 751 & n.2. If he succeeds, the fifth step involves "determining whether the claimant has the residual functional capacity (RFC) 'to perform other work in the national economy in view of his age, education, and work experience.'" *Id.* at 751 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987)).[1] At this step, the burden shifts to the Commissioner to establish that despite the claimant's medical impairments, he "retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (citations and internal quotation marks omitted).

## Background

The Administrative Law Judge ("ALJ") found Plaintiff unable to perform his previous work as a heavy equipment operator because he has the RFC to perform only "light" work. Administrative Record ("AR") 18, 28. After posing a hypothetical to a

---

[1] One's RFC is the most that individual can do despite his limitations. 20 C.F.R. § 404.1545(a)(1).

Vocational Expert ("VE"), the VE stated that an individual with Plaintiff's limitations could perform the job of a utility tractor operator, a scraper operator, and a motor grader operator. AR 59. The ALJ accepted this testimony, finding it "consistent with the information contained in the Dictionary of Occupational Titles" ("DOT"). AR 29.

Defendant does not dispute that only one of these positions, a utility tractor operator, actually constitutes "light" work, and that the other two positions exceed Plaintiff's RFC. Doc. No. 27, at 1. Therefore, Defendant concedes the ALJ's error in failing to comply with Social Security Ruling 00-4p by not eliciting a reasonable explanation for the apparent conflict between the VE's testimony and DOT, which identifies two of the jobs as "medium" work. *See* SSR 00-4p, 2000 WL 1898704, at *2; *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999) ("[B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." (footnote omitted)).

But Defendant argues the ALJ's error in failing to reconcile the conflict was harmless because there are a significant number of jobs available for a utility tractor operator alone. *Id.* The VE testified there are 400 of such jobs available in Oklahoma, and 32,000 in the national economy. AR 59. In response, Plaintiff asserts that such a factual finding by this Court would usurp the ALJ's role as fact finder and the Court should, instead, reverse and remand this case for the ALJ to determine whether there are a

significant number of utility tractor operator positions available. Doc. No. 28, at 4-5. The Magistrate Judge agreed with Plaintiff, stating that "[b]ecause the ALJ erroneously relied on the aggregated numbers of all three jobs identified by the VE, he never analyzed the numerical significance of the one correctly identified job as applied to the Plaintiff's factual situation." Doc. No. 26, at 7.

## Standard of Review

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted).

## Analysis

The Tenth Circuit has "never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number.'" *Taylor v. Astrue*, 494 F. App'x 895, 898 (10th Cir. 2012) (unpublished) (quoting *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992)). The Tenth Circuit "has made it clear that judicial line-drawing in this context is inappropriate, that the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation, and, most importantly, that the evaluation should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004). (citing *Trimiar*, 966 F.2d at 1330) (internal quotation

marks omitted). Factors the ALJ should consider in this analysis include "the level of [Plaintiff's] disability; the reliability of the [VE's] testimony; the distance [Plaintiff] is capable of travelling to engage in the assigned work; the isolated nature of the job[]; [and] the types and availability of such work." *Id.* (quoting *Trimiar*, 966 F.2d at 1330).

But a court may "supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145. In *Allen v. Barnhart*, the Tenth Circuit declined to apply the harmless error rule because the number of jobs available statewide in that particular case was 100, which the court found to be so low that if it were to find that 100 constitutes a significant number, it would be engaging in "an improper exercise in judicial factfinding rather than a proper application of harmless-error principles." *Id.* at 1144-45.

Defendant directs the Court to *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished), in which the court held that the ALJ's finding of nondisability was supported by substantial evidence when the VE testified the plaintiff could perform the job of a sedentary hand packager, of which there were 11,000 jobs in the national economy. The Magistrate Judge distinguished this case by stating that in *Rogers*, the court was reviewing a finding of numerical significance already made by the ALJ. Doc. No. 26, at 7. But there is no indication that in *Rogers* the ALJ made an independent finding that 11,000 sedentary hand packager positions was significant. Rather, the case is

similar to facts presented here in that the ALJ found only that the combination of multiple jobs the VE testified the plaintiff could perform existed in significant numbers in the national economy. *Rogers*, 312 F. App'x at 140. It was the court that implicitly found that 11,000 is a significant number of jobs when it held that the ALJ's finding of nondisability was supported by substantial evidence because there were 11,000 sedentary hand packager jobs available that the plaintiff was capable of performing. *Id.* at 142.

Plaintiff attempts to distinguish *Rogers* by arguing that the ALJ in that case, "inquired and resolved the apparent conflict between the VE's testimony and the DOT," which did not happen in this case. Doc. No. 28, at 3-4. But in *Rogers*, there was an actual conflict to resolve with regard to the hand packager job. The ALJ had limited Rogers to sedentary work, but a position of hand packager normally requires medium exertion. *Rogers*, 312 F. App'x at 141. To resolve this apparent conflict, the VE testified that "in his professional placement experience, the job of hand packager can be done at the sedentary level," and there were 11,000 such jobs available. *Id.* at 141-42. Here, in contrast, the only conflict addressed by the parties in response to the Report and Recommendation was that the ALJ limited Plaintiff to "light" work and only one of the three positions the VE recommended is consistent with that RFC. Although there is an apparent conflict between Plaintiff's inability to perform "medium" work and the VE's identification of two "medium" work jobs, Plaintiff has not pointed out any conflict between the DOT and the VE's recommendation of the job of utility tractor operator.

Plaintiff next directs the Court to *Chavez v. Barnhart*, 126 F. App'x 434, 436 (10th Cir. 2005) (unpublished), in which the court remanded the action to the ALJ to determine

if 49,957 jobs nationally and 199 jobs regionally constitutes a significant number. But in that case, the court found it particularly appropriate for the ALJ to make the determination as to numerical significance in cases "where … the number of jobs available in the region is relatively small—199 here, 100 in *Allen*." *Id.* *Allen* and *Chavez* were decided in 2004 and 2005, before the Tenth Circuit declared in *Raymond v. Astrue*, a published opinion in 2009, that the "significant number" analysis should focus on the number of jobs in the *national* economy, not merely the regional economy. 621 F.3d 1269, 1274 (10th Cir. 2009). It explained that "the relevant test is *either* jobs in the regional economy *or* jobs in the national economy." *Id.* at 1274 n.2. Although the court in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992), engaged in a multi-factor analysis to determine if 650 to 900 regional jobs is "significant," a court need not consider such factors when the number of relevant jobs available in the national economy is "much larger" than 650 to 900. *Id.*

The *Rogers* decision came out the same year as *Raymond*, and that court implicitly found, as a matter of law, without engaging in a multi-factor analysis, that 11,000 jobs in the national economy is significant. The Court is persuaded by *Rogers* and finds that 32,000 utility tractor operator jobs in the national economy is also significant. Therefore, the ALJ's error in failing to reconcile the conflict between the DOT and the VE's recommended positions of scraper operator and motor grader operator was harmless.

## Conclusion

In accordance with the foregoing, the Court declines to adopt the Report and Recommendation of the Magistrate Judge, Doc. No. 26. Because Judge Erwin considered

only one of the four assignments of error in this case, this matter will be re-referred for consideration of such errors.

IT IS SO ORDERED this 3rd day of September, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE