**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **HUGH C. FOX,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-14-489-R** |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. This matter has been re-referred to the undersigned magistrate judge by Order of United States District Judge David L. Russell for consideration of Plaintiff's three remaining assignments of error.[1] (ECF No. 29:7-8). It is recommended that the Commissioner's decision be **AFFIRMED**.

### ANALYSIS

#### A.    Remaining Issues Raised on Appeal

Plaintiff raises the following remaining issues for review: the Commissioner failed to follow the treating source rule with regard to Dr. Spence's opinion of Plaintiff's ability to work; the ALJ's finding regarding Plaintiff's RFC is not supported by substantial

---

[1] The Order (ECF No. 29) declined to adopt the Report and Recommendation (ECF No. 26). Because the Report and Recommendation considered Plaintiff's first assignment of error to be dispositive, the remaining three assignments of error were not considered (ECF No. 26:7).

evidence and constitutes reversible error; and the ALJ failed to properly evaluate Plaintiff's credibility.

**B.     The ALJ's Treatment of Dr. Spence's Opinion**

Plaintiff argues that the ALJ's decision fails to state with specificity what weight was accorded to the opinion of Plaintiff's treating physician, Dr. Spence, concerning Plaintiff's limitations. Plaintiff also argues that the ALJ improperly rejected Dr. Spence's opinion. (ECF No. 20:16-19).

The Commissioner responds that the ALJ gave supported reasons for assigning little weight to the opinion of Dr. Spence. (ECF No. 22:9-11). She argues the ALJ found Dr. Spence's opinion deficient in that it was inconsistent with the other medical evidence, and thus the ALJ was not required to give the opinion controlling weight. *Id.* The Commissioner also argues that the ALJ then applied the appropriate factors in assigning little weight to Dr. Spence's opinion. *Id.* The undersigned agrees, and finds no error in the ALJ's decision regarding the weight he accorded to the opinion of Dr. Spence.

The Social Security Administration's regulations provide ALJs with specific guidance concerning as to how medical opinions must be weighed and how a decision should show that the ALJ undertook the requisite analysis. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ must give a treating physician's opinion controlling weight if it is

both (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "consistent with other substantial evidence in the record." *Id.*

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527.... *Id.* Those factors are: "(1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the [ALJ's] attention which tend to support or contradict the opinion." *Watkins*, 350 F.3d at 1301 (quotation omitted).

After considering the requisite factors, the ALJ must "give good reasons" for the weight ultimately assigned to the opinion. *Id.* at 1301; 20 C.F.R. § 404.1527(d)(2). "[I]f the [ALJ] rejects the opinion completely, he must . . . give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301. An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). The ALJ's explanation of the weight, if any, he gives to the opinion of a treating physician is required in order to allow for

proper review of the ALJ's decision. *Watkins v. Barnhart*, 350 F.3d at 1300. In this case, the undersigned finds that the ALJ correctly applied the treating physician rule, indicated the weight he was giving the opinion of Dr. Spence, and explained his reasons for assigning the opinion little weight. (TR. 27-28).

The ALJ's decision reflects that he fully considered Dr. Spence's opinions (TR. 22-24, 27-28). The ALJ gave Dr. Spence's opinions "little weight," stating that

> Dr. Spence reported the claimant would be able to sit, stand and walk for less than 8 hours in a workday, the undersigned has given little weight to that opinion, since his objective treatment records show no functional limitations and few objective findings related to the claimant's back. Dr. Schick, who did treat the claimant's back impairment, felt he would be capable of lifting and carrying 20 pounds initially and he increased that weight limit to 30 pounds. However, he did not place any limit on the claimant's ability to bend, stoop, squat, crouch, crawl, balance or climb, leaving that up to the claimant. The undersigned has given this opinion appropriate weight, along with the opinions of the non-treating, non-examining state agency physicians, since their opinions are consistent with the objective findings from Drs. Schick, Carlson and Godlewski.

(TR. 28). Because the opinion of a treating physician is not entitled to controlling weight unless it is *both* well-supported by medically acceptable clinical and laboratory diagnostic techniques *and* consistent with other substantial evidence in the record, the undersigned finds that the ALJ's failure to give Dr. Spence's opinion controlling weight was proper in light of the governing standard.

Although he failed to give Dr. Spence's opinion controlling weight, he did not completely reject Dr. Spence's opinion as Plaintiff argues. (ECF No. 20:17). He

4

specifically gave Dr. Spence's opinion "little weight", and thus was only required to "give good reasons" for the weight he assigned to the opinion. *Watkins*, 350 F.3d at 1301; 20 C.F.R. § 404.1527(d)(2). The undersigned finds that the ALJ, using the factors provided in 20 C.F.R. § 404.1527, gave good reasons for the weight he gave to Dr. Spence's opinion. Thus, the undersigned finds that the ALJ properly evaluated the opinions of Plaintiff's treating physician, Dr. Spence.

### C.    Plaintiff's RFC

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. In particular, Plaintiff urges that the RFC adopted by the ALJ "wholly ignores limitations imposed by Dr. Carlson regarding Claimant's ability to grasp and handle objects." (ECF No. 20:20). (TR. 18, 59). Dr. Carlson found during his physical examination of Plaintiff that his grip strength is 5/5 bilaterally; that his fine motor is intact but is a little bit slower on the left; and that he is unable to flex the fingers of his left hand (TR. 455). Based on his examination, Dr. Carlson opined that Plaintiff could not effectively grasp tools such as a hammer. (TR. 452).

The Commissioner responds that the ALJ discussed Dr. Carlson's opinion in this regard, and the RFC assessment is supported by the fact that Dr. Metcalf reviewed Dr. Carlson's opinion about Plaintiff's left hand restrictions and interpreted it to mean that Plaintiff could "use left hand for some gross handling, but not fine manipulations" (ECF No. 22:11). (TR. 556). The Commissioner further notes that Dr. Woodcock concurred in Dr. Metcalf's opinion. *Id.* (TR. 598).

Plaintiff's own testimony supports the RFC. Plaintiff testified that he has "adapted over the years" to his left hand limitations caused by a childhood injury. (TR. 48). Consultative examiner, Dr. Godlewski, found that Plaintiff was able to effectively grasp tools such as a hammer; and that he had some limitation in range of motion of his left hand which could "almost be fully passively corrected." (TR. 594, 597). Also, as correctly noted by the Commissioner, Plaintiff has demonstrated an ability to perform a job with the same handling requirements as a job the ALJ found he could perform. (ECF No. 22:12) Further, Plaintiff has shown no deterioration in the condition of his left hand since he last worked. *Hinkle v. Apfel,* 132 F.3d 1349, 1382 (10th Cir. 1997). Thus, it appears that the ALJ's RFC determination was supported by substantial evidence.

Plaintiff also argues that the ALJ's RFC is flawed because it failed to incorporate the opinions of Dr. Spencer. (ECF No. 20:16-17). As previously discussed, any such failure was appropriate.

### D.    The ALJ's Credibility Analysis

Plaintiff also challenges the ALJ's analysis of his credibility. (ECF No. 20:22-26). "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the Tenth Circuit set forth the framework for the proper analysis of a claimant's pain. First, the objective medical evidence must demonstrate a pain-producing impairment. Second, a "loose nexus" must exist between

the proven impairment and the claimant's subjective allegations of pain. If these two conditions are satisfied, the ALJ must then determine whether, considering all the evidence both objective and subjective, the claimant's pain is in fact disabling. *Id.* at 163-164. "Objective evidence" is any evidence that can be discovered and substantiated by external testing. *Id.* at 162. "Subjective evidence" consists of statements of the claimant that can be evaluated only on the basis of credibility. *Id.* at 162, n. 2. To determine the credibility of pain testimony, the ALJ should consider such factors as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Branum v. Barnhart*, 385 F.3d 1268, 1273-1274 (10th Cir. 2004) (*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted)).

A court may review an ALJ's credibility findings to ensure that the ALJ's factual findings underlying the credibility determination are "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation omitted).

In this case, the ALJ made the following credibility finding:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

The claimant has no additional reported injuries or additional trauma that would explain the increasing symptoms and certainly not account for a need to have help with dressing and bathing to the extent described in testimony. . . No treatment notes in record record [sic] any prescriptions for narcotic pain medication given to the claimant. Treatment notes only show intermittent symptoms described as mild. . . The claimant also testified that he needed to keep his legs elevated while sitting or he would develop discoloration, coldness and numbness in his feet. However, even Dr. Spence admitted that the claimant did not need to elevate his legs during the day. The claimant's exaggeration of how he got hurt along with exaggeration of the course of treatment and the degree of limitations resulting from the impairment erode his credibility in this matter.

(TR. 20, 27-28). The ALJ thoroughly discussed the medical evidence, the Plaintiff's testimony, and Plaintiff's activities of daily living. *Id.*

Because the ALJ's analysis of the Plaintiff's credibility is supported by substantial evidence in the record as a whole, the decision of the ALJ on this point should be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 18, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on September 4, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE