# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUGH C. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-489-R |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Supplemental Report and Recommendation of United States Magistrate Judge Shon T. Erwin. [Doc. No. 30]. Also before the Court is Plaintiff's Objection to the Report and Recommendation and Defendant's Response to Plaintiff's Objection. The Court reviews the decisions of the Administrative Law Judge ("ALJ") and the Magistrate Judge *de novo* in light of Plaintiff's objection.

Plaintiff initially complains that the Magistrate Judge erred in determining that the ALJ's findings concerning Dr. Spence's opinions are supported by the record. Plaintiff further asserts that the ALJ's reliance on Dr. Schick's opinions are not supported by the record as a whole. He also claims that while the ALJ relied on Dr. Schick's analysis of Plaintiff's limitations, he did not acknowledge that those limitations were given with the caveat that Plaintiff had retired from his job and would not be required to lift or carry any significant weight. Plaintiff maintains that Dr. Spence's opinions, in terms of Plaintiff's ability to work on a full time basis, were vital in determining the Plaintiff's true residual functional capacity and limitations.

The ALJ thoroughly and exhaustively reviewed all of the medical records in his decision, including those of Dr. Spence. Twice in discussing Dr. Schick's records, the ALJ noted that Plaintiff would be retiring or had retired but that he "planned on doing similar type jobs in the future." A.R. at 22. The ALJ noted that "while Dr. Spence reported the claimant would be able to sit, stand or walk for less than 8 hours in a workday," the ALJ gave "little weight" to that opinion, since "his objective treatment records show no functional limitations and few objective findings related to the claimant's back." A.R. at 28. Indeed, it appears from Dr. Spence's records that Plaintiff saw Dr. Spence primarily for hyperlipidemia, hypertension and a respiratory infection; although Dr. Spence's records also reveal that Plaintiff is "looking for disability for back problems." In contrast, Dr. Schick saw and treated Plaintiff at length for his back problems and his opinions were supported by objective testing and findings. Moreover, Dr. Schick's opinions were consistent with the objective findings of consulting physicians Carlson and Godlewski (A.R. 340-56, 591-97), the objective findings of neurologist Wasemiller (A.R. 604-06) and the expert opinions of reviewing physicians Metcalf and Woodcock (A.R. 28, 553-60, 598). As the Magistrate Judge explained, a treating physician's opinion is entitled to controlling weight if it is both 1) "well supported by medically acceptable clinical and laboratory diagnostic techniques" and 2) "consistent with other substantial evidence in the record." Supplemental Report and Recommendation at pp. 2-3, *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if it is not entitled to controlling weight, a treating physician's medical opinions are still entitled to deference and must be weighed using the factors set forth in

20 C.F.R. § 404.1527. *Id.* In this case, it is clear that the ALJ considered those factors because he discussed Plaintiff's entire treatment history with Dr. Spence but he accorded Dr. Spence's opinions "little weight" because Dr. Spence's "objective treatment records show no functional limitations and few objective findings related to the claimant's back." Although the ALJ did not reject Dr. Spence's opinion completely, he gave good reasons for the weight he ultimately assigned to it. *Id.* Because Dr. Spence's opinion was not well supported by medically acceptable clinical and laboratory diagnostic techniques and was not consistent with other substantial evidence in the record, the Court finds that the ALJ's failure to give Dr. Spence's opinion controlling weight but decision to accord it "little weight" was proper.

Plaintiff next argues that the ALJ's Residual Functional Capacity (RFC) did not take into consideration all of the Plaintiff's limitations supported by substantial medical evidence of record. In this regard, he argues that if the ALJ had incorporated, at a minimum, the sit limitation of 10 to 15 minutes as indicated by Dr. Spence, Plaintiff would have been precluded from all work on a full time basis. However, as indicated above, the ALJ properly accorded little weight to Dr. Spence's opinion because it was not supported by his objective treatment records and objective findings related to the claimant's back. The ALJ's RFC of limited to "light work as defined by the Social Security regulations" and "further limited as to fingering, can only occasionally stoop; can only occasionally use ladders, ropes, or scaffolds," A.R. at 59, *see also* A.R. at 28, is supported by substantial evidence in the record.

Finally, Plaintiff contends that the Magistrate Judge's opinion regarding the ALJ's credibility finding is *post hoc* justification and fails to adequately address arguments set forth by Plaintiff in Plaintiff's Brief in Chief. He states that the Magistrate's findings as to Plaintiff's credibility are simply quotations of the ALJ's decision without any further analysis and he contends the ALJ's decision makes conclusions regarding Plaintiff's credibility in the guise of findings. The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that the Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are inconsistent with the residual functional capacity assessment. A.R. at 20. In assessing Plaintiff's credibility, the ALJ considered most of Plaintiff's testimony concerning his limitations, A.R. at 20, the levels of pain reported to physicians, A.R. at 27; the medications Plaintiff was taking and their effectiveness, A.R. at 27; Plaintiff's daily activities, A.R. at 20 & 27; and the extensiveness of Plaintiff's attempts to obtain relief from his symptoms. The ALJ also considered inconsistencies in the height from which the Plaintiff fell, telling Dr. Schick he fell three feet off a ladder, telling Dr. Kerns that he fell five feet and testifying at the hearing that he fell eight feet off a front-end loader, thus indicating at least a tendency to exaggerate. The ALJ also noted that Plaintiff testified that he needed to keep his legs elevated while sitting yet even Dr. Spence admitted that was unnecessary. The ALJ also noted that the Plaintiff had minimized his alcohol use at the hearing and to Dr. Carlson when Dr. Kakish had been encouraging Plaintiff to quit drinking so he could receive treatment for his hepatitis C. It is thus clear that the ALJ considered the appropriate

factors in assessing Plaintiff's credibility, *see e.g., Branum v. Barnhart*, 385 F.3d 1268, 1273-74 (10th Cir. 2004)(*quoting Hargis v. Sullivan*, 945 F.2d 1482, 1489, (10th Cir. 1991)(quotation omitted)) and "closely and affirmatively linked" his credibility determination to substantial evidence in the record. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the decision of the Commissioner of the Social Security Administration is AFFIRMED.

IT IS SO ORDERED this 8th day of March, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE